United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-50920

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAVIER ANDRADE

Defendant - Appellant

---

Appeal from the United States District Court
for the Western District of Texas
No. EP-02-CR-185-ALL-PRM

---

Before KING, Chief Judge, DENNIS, Circuit Judge, and LYNN,[*]

District Judge.

PER CURIAM:[**]

After a jury trial, Defendant Javier Andrade was convicted
of: (1) conspiracy to import marijuana under 21 U.S.C. §§ 963,
952(a), and 960(a)(1); (2) aiding and abetting the importation of
marijuana under 21 U.S.C. §§ 952(a), 960(a)(1), and 18 U.S.C.
§ 2; (3) conspiracy to possess marijuana with an intent to

---

[*]    District Judge for the Northern District of Texas,
sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

distribute the same under 21 U.S.C. §§ 846 and 841(a)(1); and (4) aiding and abetting the possession of marijuana with an intent to distribute the same under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, Andrade challenges the sufficiency of the evidence supporting each conviction.

"In reviewing the sufficiency of the evidence, this court must determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994). "In evaluating such a challenge, we must examine the evidence as a whole in the light most favorable to the verdict and must afford the government the benefit of all reasonable inferences and credibility choices drawn therefrom." United States v. Ayala, 887 F.2d 62, 67 (5th Cir. 1989) (following Glasser v. United States, 315 U.S. 60, 80 (1942)).

As we explained in United States v. Medina:

To establish a conspiracy under either 21 U.S.C. § 846 or § 963, the Government must prove beyond a reasonable doubt (1) that an agreement existed between two or more persons to violate the applicable narcotics law (i.e., a conspiracy existed), (2) that each alleged conspirator knew of the conspiracy and intended to join it and (3) that each alleged conspirator participated (i.e., joined) voluntarily in the conspiracy.

161 F.3d 867, 872 (5th Cir. 1998); see also Casilla, 20 F.3d at 603. Each element may be inferred from circumstantial evidence; that is, the "agreement may be inferred from a 'concert of action'" and "[k]nowledge of a conspiracy and voluntary

2

participation . . . may be inferred from a 'collection of circumstances.'" Id. Once the government proves that the defendant was involved in a conspiracy to import marijuana, the jury "[is] entitled to infer from the quantity [of marijuana] involved that the defendant [is] also guilty of participation in [a] conspiracy to possess the marijuana with intent to distribute it." United States v. Williams-Hendricks, 805 F.2d 496, 503-04 n.5 (5th Cir. 1986).

At trial, the Government presented evidence that Andrade entered the United States on May 24, 2001. Andrade's answers to a border patrol agent's routine questions appeared "strange," and the officer directed Andrade to enter secondary inspection for more questioning. At that time, the first agent's shift was ending and a second agent came on duty and directed a white van, which had been immediately behind Andrade's car in one of the vehicular entry lanes, to enter secondary inspection. The agents discovered that eighty-eight pounds of marijuana had been loaded into the white van's gas tank through a trap door in the floor of the vehicle. Later, they learned that Andrade owned the white van and that Manuel Rueda, the van's driver, was Andrade's cousin. When Andrade was arrested, he asked the agents for a signed "deal" and, when they told him that they lacked the authority to make a deal, he responded that he would "do" five years for his crimes.

We hold that the jury could reasonably infer that Andrade knowingly and intentionally conspired to assist Rueda, by diverting the border patrol's attention away from the white van (the "load car"[1]), based on: (1) the fact that Andrade and Rueda are cousins,[2] (2) Andrade's ownership of the van, (3) Andrade's strange answers to the border patrol agent, (4) the fact that Andrade's car immediately preceded the van in the entry lane, and (5) Andrade's apparently incriminating statements upon arrest. In addition, the jury could also infer, from the large load of marijuana in the van's gas tank, that Andrade was present to assist Rueda if he ran out of gas while importing the marijuana. Andrade argues that this latter inference is improper without additional technical evidence regarding the van's gas mileage and remaining fuel capacity. His argument fails, however, because juries may "use their common sense" in evaluating the evidence presented at trial. United States v. Lechuga, 888 F.2d 1472, 1476 (5th Cir. 1989) (citations omitted). Based on the large volume of marijuana found in the van's gas tank, it was also

---

[1] See United States v. Reyes, 227 F.3d 263, 266 n.1 (5th Cir. 2000) (explaining that "[l]oad vehicles carry the principal shipment of narcotics, whereas scout vehicles [may] serve as decoys by distracting border agents").

[2] Andrade's argument that the jury should not have considered this relationship lacks merit. See Williams-Hendricks, 805 F.3d at 503 (explaining that "when inferences drawn from the existence of a family relationship . . . are combined with other circumstantial evidence, there may be sufficient evidence to support a conspiracy conviction").

4

reasonable for the jury to conclude that the conspiracy extended to distributing the marijuana once the two men entered the United States.   Thus, we uphold the jury's verdicts with respect to the two conspiracy charges in counts one and three of the indictment.

On appeal, Andrade concedes that, in this circuit, evidence supporting a conspiracy conviction is sufficient to support a conviction for aiding and abetting.   <u>See</u> <u>Casilla</u>, 20 F.3d at 603. Therefore, we uphold the jury's verdicts with regard to the second and fourth counts of the indictment.

For the foregoing reasons, Andrade's convictions are AFFIRMED.